UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TIMOTHY WILCOX SR** | **CASE NO.  2:24-CV-01309** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LOTTE CHEMICAL USA CORP ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is *Lotte Chemical USA Corporation and Lotte Chemical Louisiana, LLC's Rule 12(b)(6) Motion to Dismiss Plaintiff's Louisiana Whistleblower Act Claim*. Doc. 10. The motion is opposed [doc. 12], and it has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

After careful consideration of this motion and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** that the motion to dismiss be **DENIED.**

**I.**
**BACKGROUND**

Plaintiff Timothy Wilcox, Sr. alleges that he suffered age-related employment discrimination during his employment with defendants Lotte Chemical USA Corp., Lotte Chemical Louisiana, LLC, and LACC, LLC.[1]  Doc, 1, pp. 1–2.  Plaintiff's complaint describes a pattern of age-related harassment and discrimination at the hands of his immediate supervisor, which was eventually brought to the attention of company executives via plaintiff's and others' complaints to the Human Resources department.  Plaintiff alleges that despite having knowledge of the extent of the alleged misconduct, his employer inadequately and improperly addressed his

---

[1] Plaintiff describes defendants as his "joint employer."  Doc. 1, p. 2.  Defendant LACC, LLC has not yet made an appearance in this action.

1

complaints, eventually resulting in what he considered to be his constructive discharge. *Id.* at 1–6. Plaintiff alleges violations of state and federal laws prohibiting age discrimination and retaliation, citing the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*,[2] the Louisiana Age Discrimination in Employment Act ("LADEA"), La. R.S. § 23:311 *et seq.*, and the Louisiana Whistleblower Act ("LWA"), La. R.S. § 23:967, and he seeks damages including past and future lost wages, back pay, and compensatory damages. Doc. 1, pp. 1, 6–9.

In the motion before the court, Defendants Lotte Chemical USA Corp. and Lotte Chemical Louisiana, LLC (collectively, the "Lotte Defendants") move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's retaliation claim under the Louisiana Whistleblower Act, La. R.S. § 23:967. Doc. 10. "The Louisiana Whistleblower Statute provides protection to employees against reprisal from employers for reporting or refusing to participate in illegal work practices." *Delouise v. Iberville Par. Sch. Bd.*, 8 F. Supp. 3d 789, 801 (M.D. La. 2014). Reciting the elements required to state a cause of action for a retaliation under the LWA, the Lotte Defendants argue that plaintiff inadequately and/or nebulously pleads each element of the claim. Doc. 10, att. 1, pp 5–8. The Lotte Defendants emphasize in particular that the complaint fails to adequately identify the illegal work practices in which the employer allegedly engaged that gave rise to the LWA whistleblower claim. *Id.* at 5–6.

In his opposition, plaintiff indicates that he brought violations of the federal Occupational Safety and Health Act to his employer's attention, but he withdraws his whistleblower retaliation claim insofar as it alleges violations of federal law, recognizing that a violation of federal law cannot underpin a claim under the LWA. Doc. 12, pp. 1–2, 6, 8.

---

[2] The complaint references the federal Age Discrimination and Employment Act, but it mistakenly cites to 28 U.S.C. § 626, which does not pertain to employment discrimination. Title 29 of the United States Code codifies the federal Age Discrimination in Employment Act. 29 U.S.C. § 621 *et seq.*

2

Plaintiff nonetheless opposes the motion to dismiss, explaining that he also complained of his employer's discriminatory treatment toward himself in violation of LADEA, La. R.S. § 23:311 *et seq.*, and that he alleges he suffered retaliation and reprisal because of those complaints in violation of the LWA, La. R.S. § 23:967.

## II.
### APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the Court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Colonial Oaks Assisted Living Lafayette v. Hannie Dev. Inc.*, No. 6:18-CV-01606, 2019 WL 3251379, at *8 (W.D. La. June 14, 2019), *report and recommendation adopted,* 2019 WL 3242425 (W.D. La. July 17, 2019) (quoting *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997)).

Section 967 of Title 23 of the Louisiana Revised Statutes prohibits an employer from making a reprisal against an employee who advises the employer of a violation of the law:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
>> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>>
>> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>>
>> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
>
> B. An employee may commence a civil action in a district court where the violation occurred against any employer who engages in a practice prohibited by Subsection A of this Section. If the court finds the provisions of Subsection A of this Section have been violated, the plaintiff may recover from the employer damages, reasonable attorney fees, and court costs.

La. R.S. § 23:967. The statute defines "reprisal" to include "firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an action by the employee that is protected under Subsection A of this Section," excepting certain established employment policies and procedures. *Id.*

To state a whistleblower claim under the LWA, a plaintiff must plead facts sufficient to show that (1) the employer violated the law through a prohibited workplace act or practice; (2) the plaintiff advised the employer of the violation; (3) the plaintiff then refused to participate in the prohibited practice or threatened to disclose the practice; and (4) plaintiff experienced a reprisal as a result of his refusal to participate in the unlawful practice or threat to disclose the practice. *See Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015). For the purposes of the LWA, "the violation of law in question must be that of a state statute." *Hale v. Touro Infirmary*, 2004-0003 (La. App. 4 Cir. 11/3/04), 886 So. 2d 1210, 1216, *writ denied,* 2005-0103 (La. 3/24/05), 896 So. 2d 1036. To state a claim, the plaintiff must sufficiently allege that the employer itself

4

"rather than simply its employees, violated state law." *Richardson*, 780 F.3d at 306. This means that plaintiff must set forth sufficient facts to "make plausible" the allegation that the employer authorized the illegal activities of which the employee complained. *Id.* at 307.

This plausibility standard for pleading a state law violation is not especially stringent. *See Gogreve v. Downtown Dev. Dist.*, 426 F. Supp. 2d 383, 393 (E.D. La. 2006) (holding that plaintiff's "vague allegation" that an executive violated state bidding laws when he accepted a late-filed proposal and forced another employee to mark it as timely was sufficient to charge a violation of state law, for the purpose of stating a claim under the LWA). An allegation that the employer committed illegal discrimination can satisfy the LWA's state-law violation requirement. *See Stevenson v. Williamson*, 547 F. Supp. 2d 544, 558 (M.D. La. 2008), *aff'd,* 324 F. App'x 422 (5th Cir. 2009). That underlying violation must be adequately pled to state a claim under the LWA. *See Cunningham v. City of New Orleans*, 2021-0532 (La. App. 4 Cir. 3/30/22), 336 So. 3d 977, 991, *writ denied,* 2022-00716 (La. 6/22/22), 339 So. 3d 1185 (holding that trial court properly dismissed LWA whistleblower claim that relied on plaintiff's inadequately plead allegation of a due process violation).

Here, the state law violation underlying plaintiff's LWA claim is his allegation that the Lotte Defendants violated the LADEA, La. R.S. § 23:312. In their reply brief, Defendants argue for the first time that Plaintiff inadequately pled a cause of action under the LADEA. Doc. 1, pp. 6–9. "Arguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).

Waiver notwithstanding, the LADEA allegations are sufficient to state a cause of action. To establish an LADEA "prima facie case of employment discrimination based on age, a plaintiff must prove that: (1) he was discharged; (2) he was qualified for the position; (3) he was within the

5

protected class at the time of discharge or demotion; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age." *Robinson v. Bd. of Supervisors for Univ. of Louisiana Sys.*, 2016-2145 (La. 6/29/17), 225 So. 3d 424, 431.  When a plaintiff alleges constructive discharge, the assessment of such a claim calls for a fact-intensive inquiry to determine "an employee's working conditions are deliberately made so intolerable that the employee is forced to involuntarily resign." *Id.* at 432.  Having reviewed the allegations of plaintiff's complaint, it is recommended that the court reject Defendants' contention that the complaint inadequately pleads a cause of action under the LADEA.  Plaintiff has adequately alleged that he was constructively discharged from a job for which he was qualified because of his age following a persistent and intolerable pattern of age-related discrimination, satisfying the pleading requirements of La. R.S. § 23:312.

Having determined that plaintiff adequately pleads the underlying state law, we review the complaint's allegations against the LWA's other pleading requirements.  La. R.S. § 23:967. The complaint alleges that plaintiff's immediate supervisor made inappropriate age-related comments including calling him "grandpa" and repeatedly asking him when he intended to retire.  Doc, 1, p. 2–4.  After plaintiff and his daughter brought this conduct to the attention of the Human Resources ("HR") department, the supervisor allegedly escalated the frequency and manner of his discriminatory treatment.  Plaintiff alleges that after over two years of such conduct, Defendants hired outside counsel to investigate his complaints, and against the recommendation of outside counsel, an executive instructed HR to terminate plaintiff.  *Id.* at 4–5.  When HR advised against doing so, plaintiff alleges that he was essentially stripped of job duties and placed under the direct supervision of the Corporate Logistics Manager.  *Id.*  This in turn became fodder for further joking from the former supervisor and others that plaintiff had been placed in "protective custody" as a

6

means of forcing him to retire. *Id.* Approximately one year later, Plaintiff was advised that he would return to his position under his former supervisor, which that supervisor resisted, including by informing HR that there was no office space for plaintiff. *Id.* at 5. The Complaint suggests that plaintiff made complaints around this time, both about the supervisor's discriminatory actions and about unspecified "violations of state and federal laws and that he refused to participate in violation of the same." *Id.* Reading this allegation in the light most favorable to plaintiff's LWA claim, he alleges that he refused to participate in the ongoing violation of his own rights via discriminatory treatment. Plaintiff alleges that after

> concluding that nothing would be done regarding his complaints and that no reasonable person should be expected to work in such an illegal work environment, Plaintiff notified Defendant that he considered himself constructively discharged. Plaintiff communicated his reasons for involuntary resignation to the Defendant's Human Resource Department.

*Id.* After notifying HR that he considered himself constructively discharged, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights. *Id.* at 6.

Plaintiff's allegations are sufficient to state a claim under La. R.S. § 23:967 because they allege that: 1) his employer knew of and sanctioned a systematic pattern of age related discrimination perpetrated by plaintiff's immediate supervisor and others, thereby violating the law through a prohibited workplace act or practice; (2) the plaintiff advised the employer of the violation through his communications with HR; (3) the plaintiff then "refused to participate" in the discrimination and retaliation; and (4) plaintiff experienced a reprisal as a result of his refusal to participate in the unlawful practice or threat to disclose the practice, in the form of his constructive discharge. *See Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015). A question for another day—and toward which defendants' arguments tend—is whether

plaintiffs' allegations are sufficiently cogent that they would allow him to put on evidence sufficient to defeat summary judgment. *See e.g. Hale v. Touro Infirmary*, 2004-0003 (La. App. 4 Cir. 11/3/04), 886 So. 2d 1210, 1216, *writ denied,* 2005-0103 (La. 3/24/05), 896 So. 2d 1036 (discussing vagueness of allegations in determining that plaintiff did not bear her burden on summary judgment). But taking plaintiff's allegations as true and in the light most favorable to the plaintiff, it is recommended that the allegations state a plausible claim for relief under the LWA.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the motion to dismiss [doc. 10] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers this this 15th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**